IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

South Atlanta Portfolio, LLC,

                Plaintiff,        Case No. 1:18-cv-0702-MLB

v.                                   Michael L. Brown
                                   United States District Judge

Tammy Randolph,

                Defendant.

_____/

## ORDER

Before the Court is Defendant's Notice of Removal.[1] (Dkt. 1-1). Defendant seeks to remove a dispossessory action originally filed on August 15, 2017 in the Magistrate Court of Clayton County by Defendant's landlord and the landlord's agents seeking possession of the premises, past due rent, and other fees including late fees, utility fees, insurance fees, and court fees. Because the Court lacks subject

---

[1] In the Notice of Removal, Defendant includes the terms "preliminary and permanent injunction" and "temporary restraining order" in the heading and introductory paragraph. Doc. 1-1 at 1. Defendant, however, does not expand upon why, or to what extent, she is requesting an injunction or temporary restraining order. As such, the Court does not construe the Notice of Removal to include a request for an injunction or a temporary restraining order.

matter jurisdiction over this dispossessory action, the Court must remand the action to the Magistrate Court of Clayton County, Georgia.

This is Defendant Tammy Randolph's fourth attempt to remove this dispossessory matter to federal court from the Magistrate Court of Clayton County, Georgia (*see* Case No. 1:17-cv-03538, removed on September 14, 2017, remanded on September 18, 2017, for lack of subject matter jurisdiction; Case No. 1:17-cv-03748, removed on September 26, 2017, remanded on October 31, 2017, for lack of subject matter jurisdiction; and Case No. 1:17-cv-04438, removed on November 8, 2017, remanded on February 7, 2018, for lack of subject matter jurisdiction). In Case No. 1:17-cv-03748, District Judge Timothy C. Batten, Sr. cautioned Defendant that further attempts to remove this dispossessory proceeding to this Court may result in sanctions or fines. *See* Dkt. 4 at 2. And in the most recent case, the Court again cautioned Defendant that further attempts to remove the dispossessory proceeding to this Court may result in sanctions against her. *See* Doc. 7, Order Case No. 1:17-cv-04438. As this is Defendant's fourth removal attempt, and as Defendant has now been twice warned not to improperly remove this action, the Court will impose a surety bond pre-

condition to any further attempt by Defendant to improperly remove the dispossessory action.

In Defendant's most recent notice of removal, Defendant asks the Court to "please supply [her] with information on how why [*sic*] this case has been remanded and how to proceed moving forward as [she hasn't] received any correspondence thus far." Doc. 1-1 at 1. The dockets in each previous removal action clearly indicate that Defendant was mailed a copy of this Court's orders remanded her cases back to the Magistrate Court of Clayton County. *See* Clerk's certificate of mailing dated September 18, 2017 in Case No. 1:17-cv-03538; Clerk's certificate of mailing dated November 1, 2017 in Case No. 1:17-cv-03748; and Clerk's certificate or mailing dated February 8, 2018 in Case No. 1:17-cv-04438. The dockets reflect that the orders were mailed to Defendant at the address she listed on the civil cover sheets: 6305 Meadow Circle, College Park, Georgia, 30349, which is the same address that is shown on the dispossessory complaint in the Magistrate Court of Clayton County. *See* Doc. 1-1 at 2. Each order explained in detail that the cases must be remanded because Defendant had failed to show that this Court has either federal question jurisdiction or diversity jurisdiction

over the Clayton County dispossessory action that Defendant keeps removing to this Court.

For the reasons stated in those orders, this Court still lacks subject matter jurisdiction over the Clayton County dispossessory action. Accordingly, for the reasons discussed in those orders, and as set forth below for the edification of the Defendant, this action must be remanded for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, which means that federal courts only have the power to provide a forum for some, not all, disputes. Pursuant to 28 U.S.C. § 1447(c), a district court must remand any action that has been improperly removed if the district court finds that it lacks subject matter jurisdiction. Accordingly, this Court must examine Defendant's notice of removal to determine whether the claims raised in the Magistrate Court of Clayton County can properly be removed to this Court.

For removal to be proper, a defendant must demonstrate that the action is based on diversity jurisdiction or that the action contains a federal question, i.e., one or more claims arising under the Constitution, treaties, or laws of the United States. *See* 28 U.S.C. §§ 1441(a) & (b),

1331(a), 1332. The party seeking removal bears the burden of establishing federal jurisdiction. *See Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005). Here, the underlying case is a state dispossessory action, which is based solely on state law and contains no federal question on the face of the complaint. Thus, removal based on federal question jurisdiction is improper. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Potential defenses or counterclaims, even if based on federal statutes, also do not provide a basis for removal. *See id.* at 393; *Hudson Ins. Co. v. Am. Elec. Corp.*, 957 F.2d 826, 830 n.4 (11th Cir. 1992).

Additionally, there is no diversity jurisdiction. Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction for all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. According to the civil cover sheet that Defendant completed, all parties are citizens of Georgia and are not diverse for jurisdictional purposes. *See* Dkt. 1-2 at 1. Nor has Defendant shown that the amount in controversy exceeds $75,000. Accordingly, the Defendant has failed to meet her burden of

establishing that this Court has subject matter jurisdiction over the underlying dispossessory proceeding.

Because the Court lacks subject matter jurisdiction, it must remand the action to the Magistrate Court of Clayton County. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, the action shall be **REMANDED** to the Magistrate Court of Clayton County, Georgia for lack of subject matter jurisdiction. Because this is Defendant's fourth time removing this dispossessory action, and because Defendant has ignored the warnings of this Court in removing this dispossessory action yet again, the Court additionally **ORDERS** that, as a pre-condition to filing any subsequent attempted removal of the present action pending in the Magistrate Court of Clayton County, Defendant must post with this court a $10,000 cash or corporate surety bond to secure any subsequent award of attorney's fees and sanctions against the removing parties in the event another frivolous and ungrounded removal of this action is attempted. If Defendant does not post such a bond, the clerk is **DIRECTED** to bring

the filing to the undersigned along with an order for summary remand and for sanctions. *See, e.g.*, *Matthew v. Country Wide Home Loans*, 2007 WL 4373125, at \*1 (N.D.Ga. Dec. 11, 2007) (Thrash, J.).

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

Dated: February 22, 2018
Atlanta, Georgia

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE